**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

GABRIEL HOYLE,

                     Plaintiff,

    - v -                                         Civ. No. 9:09-CV-831
                                                              (NAM/RFT)

S. KING, *et al.*,

                     Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

GABRIEL HOYLE
Plaintiff, *Pro Se*
05-A-0588
Lakeview Shock Incarceration Correctional Facility
P.O. Box T
Brocton, New York 14716

HON. ANDREW M. CUOMO                  DOUGLAS J. GOGLIA, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE, United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      Plaintiff brings this civil rights Complaint, pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights when they used excessive force against him on April 18, 2009, while he was incarcerated at Coxsackie Correctional Facility. Dkt. No. 1, Compl. Presently before the Court is Plaintiff's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 21. Defendants oppose Plaintiff's Motion and seek an order from the Court deeming this case to be trial ready. Dkt. No. 27. For the reasons that follow, we recommend Plaintiff's Motion be **denied** and this case be deemed trial ready.

**I. DISCUSSION**

      According to the papers submitted in support of Plaintiff's claim, on or about April 18, 2009,

while incarcerated at Coxsackie, an altercation occurred between Plaintiff and several correction officers, who are each named as Defendants in this action. Plaintiff asserts that while he was being escorted to another dorm, Defendant King, without provocation, assaulted Plaintiff. *See, e.g.,* Dkt. No. 21-2, Pl.'s Statement of Material Facts (hereinafter "Pl.'s 7.1 Statement"), at ¶¶ 2-3. Plaintiff further alleges that one by one, the rest of the Defendants either participated in the assault or failed to stop the beatings. *Id*. at ¶¶ 5-9. Defendants wholeheartedly contest these allegations and assert that Plaintiff initiated an assault on Defendant King and he along with the rest of the Defendants used only the amount of force necessary to restrain Plaintiff and ensure the safety of the Defendants. *See generally* Dkt. No. 27-1, Defs.' Resp. to Pl.'s 7.1 Statement. Both sides have supplied the Court with documentation to support their respective narrative.

Pursuant to Federal Rule of Civil Procedure 56(c)(2), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To defeat a motion for summary judgment, the non-movant must "set out specific facts showing [that there is] a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e)(2); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).

A fact is material when "it might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoted in *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005)). Further, an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994); *see also Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) (citations omitted) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.").

The Court has reviewed all of the papers filed both in support of and in opposition to the pending Motion and can categorically state that there is a scintilla of facts on which the parties agree. In fact, beyond the admissions that Plaintiff was incarcerated at Coxsackie on the on April 18, 2009, an incident involving physical force occurred, and Plaintiff subsequently received a misbehavior report, the parties diverge on every single material fact. *Compare* Pl.'s 7.1 Statement *with* Defs.' Resp. to Pl.'s 7.1 Statement. This case is patently not ripe for summary judgment since a resolution of the issues before this Court would necessarily require assessments of credibility of both witnesses and evidence. Such a task, as stated above, is not proper for the Court to undertake at this stage and is better left to a trier of fact.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Motion for Summary Judgment (Dkt. No. 21) be **DENIED** and this case be deemed trial ready; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  October 28, 2010
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge